[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10459
_____

D.C. Docket No. 6:12-cr-00121-RBD-KRS-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REBECA RIVERA, LUIS E. MORALES,
a.k.a. Tito Morales,

Defendants-Appellants.


_____

Appeals from the United States District Court
for the Middle District of Florida
_____
(January 7, 2014)


Before MARTIN and ANDERSON, Circuit Judges, and HUCK,* District Judge.

_____

*Honorable Paul C. Huck, United States District Judge for the Southern District of Florida,
sitting by designation.

PER CURIAM:

In this direct criminal appeal, Defendant-Appellant Morales appeals his convictions on three counts of sex trafficking of a minor, T.M., and also appeals his convictions on three counts of sex trafficking of another minor, M.R.  His sole argument on appeal is that the district court abused its discretion in refusing to give his requested limiting instruction with respect to the testimony of four witnesses, which testimony was admissible pursuant to Federal Rule of Evidence 414.  Defendant-Appellant Rivera appeals her convictions for aiding and abetting Morales's offenses with respect to the three counts relating to minor T.M.  Appellant Rivera's sole argument on appeal is an insufficiency of the evidence argument.  We first address Morales's challenge, and then Rivera's.

## MORALES'S APPEAL

The crucial evidence in the government's case in chief was the testimony of T.M. and M.R. relating the sexual abuse that they suffered at the hands of Morales.  Both were still minors at the time of their testimony at trial.  The government also introduced the testimony of four other witnesses who provided evidence of the defendant's commission of other child molestation offenses against them.  Two of these involved T.M.'s sisters and occurred shortly after Morales's sexual abuse of T.M.  The other two occurred some years earlier.  As Morales concedes on appeal, the testimony of these other four witnesses was admissible under Federal Rule of

2

Evidence 414.  Morales also concedes that such Rule 414 evidence may be considered for its bearing on any matter to which it is relevant, including propensity.

Morales's sole argument on appeal is that the district court abused its discretion in refusing to give his requested instruction.  Morales requested that the jury be explicitly instructed that "you should not find the defendant guilty of the charges in the Indictment based solely upon this evidence [i.e., the Rule 414 evidence] if the government has not proven the charges in the Indictment beyond a reasonable doubt."  The district court rejected the requested instruction, concluding that the requested instruction was substantially covered by instructions already given to the jury.  For the following reasons, we agree with the district court.

The district court instructed the jury: "It will be your duty to decide whether the government has proved beyond a reasonable doubt the specific facts necessary to find the defendants guilty of the crimes charged in the Superseding Indictment." The district court further instructed the jury: "Each defendant is on trial only for the specific offenses alleged in the Indictment. . . . During the course of the trial you heard evidence of acts allegedly done by Defendant Luis E. Morales involving sexual activity with minor children who were not named in the Indictment."  The district court then immediately instructed seriatim with respect to each of the six counts that the defendant could be found guilty "only if all of the following facts

are proved beyond a reasonable doubt." Included in the facts which the instructions required to be proved beyond a reasonable doubt were the fact that the sex trafficking in the first three counts involved the minor T.M. and the fact that the sex trafficking in the last three counts involved the minor M.R.

In other words, the instructions made it clear that Morales was on trial only for the specific offenses alleged in the indictment, and then the necessary facts for conviction were immediately listed making clear that the convictions had to be for the sex trafficking of T.M. and M.R.

Not only do we think that it was clear from the instructions themselves that Morales could not be convicted based solely on the testimony of the Rule 414 witnesses, but we also note that this clear meaning of the instructions was explicitly translated for the benefit of the jury by Morales's attorney in his closing argument. The attorney reminded the jury that Morales was not charged with any crime based on the Rule 414 evidence, and he expressly told the jury that they could not convict Morales based upon that testimony.

We are confident that the jury was properly guided in its deliberations, and that there was no impairment to Morales's ability to present his defense.

### RIVERA'S APPEAL

Rivera's insufficiency argument is unusual. She concedes that there is sufficient evidence to support Morales's convictions on Counts One through Three

4

involving the minor T.M.  These are the three counts with respect to which she is charged with having aided and abetted Morales.  Rivera also does not challenge the district court's finding, with which we agree, that there was ample evidence of the interstate commerce element in all three counts.  Her only argument is that there is insufficient evidence of her personal involvement[1] with respect to the interstate commerce element of the three counts.

We conclude that Rivera's argument fails on both the law and the facts.  Our cases have established that:

> The aiding and abetting statute allows the jury to find a person guilty of a substantive crime even though that person did not commit all acts constituting elements of the crime.
> . . . .
> [T]he jury could have found Blanton guilty of a substantive crime, in this case a Travel Act violation, under an aiding and abetting theory even though Blanton did not commit all acts constituting elements of the crime (such as interstate travel).

United States v. Broadwell, 870 F.2d 594, 608 (11th Cir. 1989).  Rather, in an aiding and abetting case, our cases require only that the government prove that the defendant "associated himself in some way with the criminal venture, that he wished to bring it about, and that he sought by his actions to make it succeed."  Id. at 609.  We conclude that there was ample evidence from which a reasonable jury

---

[1]    She also argues that there was no evidence that she had any knowledge with respect to the interstate transportation of T.M.  As noted below, we conclude that a reasonable jury could find that she did have knowledge that T.M. would be transported from Florida to Connecticut and back.

could find that through her affirmative actions, Rivera associated herself with Morales's criminal venture with T.M. and sought to make it succeed. Indeed, she not only "mentored" T.M. in telephone conversations before the trip to Connecticut, but while they were all three together in Connecticut, the jury could find that she also demonstrated for T.M. the kind of sexual favors for Morales that were expected of a "prophet," e.g., the incident in the fitting room at the shopping mall, and the incident on the couch when Rivera not only demonstrated her own sexual favors for Morales but affirmatively moved T.M.'s own hands forcing T.M. to engage in sexual activity with Morales.

We also conclude that a reasonable jury could find that Rivera knew that Morales was transporting T.M. across state lines (both from Florida to Connecticut and back) with intent to engage in sexual activity, and that Rivera aided and abetted same. We agree with the conclusions of the district court. See United States v. Rivera, No. 6:12–cr–121–Orl–37KRS, 2012 WL 6589526, at *4, *5 (M.D. Fla. Dec. 18, 2012). A reasonable jury could find that Rivera knew T.M. lived in Florida because she had earlier met T.M. at Morales's church and because she spoke with T.M. by phone many times before the trip to Connecticut. The jury also could find that Rivera knew they were coming to Connecticut because a primary purpose of the trip was to make a music album with Rivera, because they went directly to Rivera's house in Connecticut, because Rivera provided

6

accommodations for one of the traveling group, T.M.'s uncle, while the group was in Connecticut, and because Rivera spent so much time with Morales and T.M. while they were in Connecticut. With regard to the return trip, there was evidence that T.M. was a minor who went to Connecticut for a set and limited period of time, with a limited purpose, and she travelled with her uncle, who was also from Florida. Thus it was reasonable to conclude that T.M. would be returning to Florida. The jury could also find that Rivera was aware of and encouraged Morales's sexual activity with minor girls, and that she knew about and encouraged Morales's expectations of sexual favors from his female "prophets."

In sum, although Rivera was not actually involved in the interstate travel itself, a reasonable jury could find that she knew the travel would take place, as well as the purpose thereof, and that she knowingly associated herself with Morales's criminal venture, wished to bring it about, and sought by her actions to make it succeed. Broadwell, 870 F.2d at 609.

## CONCLUSION

For the foregoing reasons, we affirm the convictions of both Morales and Rivera.

AFFIRMED.